*1472 On Application for Rehearing.
The proposition advanced in the argument for the rehearing is, substantially, that municipal taxation in the sense of Art. 209 of the Oonstitution includes parish and town taxation, when the town is included in the parish, so that the ten mills limitation applies to the tax levy of the parish and town. Our attention is called to Act No-78 of 1880 as supporting the argument.
It is familiar that under all our Constitutions parish taxation for parish purposes, and the tax of the town or municipal corporation in the parish for municipal purposes, were constantly exerted. The result was the taxpayer paid the State, the parish, and also the tax laid by the incorporated town in the parish (Iberia Parish vs. Chiapella, 30 An. 1143). Of course, the framers of the Constitution of 1879 were cognizant of the modes of taxation incident to our system of government. The Constitution expressly recognized the three forms of taxation hitherto subsisting; i. e., State, parish and municipal. When the limitation was introduced these forms were again recognized. First, there is the limitation on State taxation; then comes that on parish or municipal taxation (Arts. 202,209). The intent to deal with each separately is marked by the disjunctive: No parish or municipal tax shall exceed ten mills. The phrase that follows, “ for all purposes whatsoever,” it seems to us refers to each parish or municipal tax stated in the previous part of the sentence. This construction is supported by the recognition of parish taxation and municipal taxation, one for parish purposes and the other for town purposes, and the design to limit each. If, as stated in the original opinion, the limit was applicable to the aggregate of parish and town taxation, there would be no specific limit on each, and hence no guide for each to observe. The parish might attempt to tax up to the ten mills, and so might the town. In that contingency the aggregate taxation could not be maintained and the courts would have to distribute the tax between the parish and town, a function legislative in its character, not judicial. The Act No. 78 of 1880, to which our attention is directed, in its first section preserves the distinction between parish and municipal taxation. Its language is: “ No parish or municipal tax shall exceed ten mills,” and in the closing portion of the section, although the conjunction “and” is used in prohibiting every parish and municipality from taxation exceeding ten mills, still the limitation is, in our view, intended to refer *1473 to the maximum each; i. e., the parish or municipality in the parish shall levy. The precise phase oí the question was not before the court, but we think the view we take is, in effect, maintained in the case of Laycock vs. City of Baton Rouge, 36 An. 328, and in the ease of Favrot vs. the City of Baton Rouge, 38 An. 230.
The rehearing is refused.